# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STAN HARRIS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| WELLSTAR HEALTH SYSTEM, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Stan Harris (hereinafter "Mr. Harris" or "Plaintiff"), by and through his undersigned counsel, and files his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorneys' fees for Defendant's violation of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (hereinafter "FMLA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 261(b).

3.

Defendant Wellstar Health System, Inc. (hereinafter "Defendant" or "Wellstar"), does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is a domestic nonprofit corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Leo Reichert, Esq., 793 Sawyer Road, Marietta, GA 30062.

7.

Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq.*

8.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq*, which includes a "successor in interest."

9.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

10.

Plaintiff was employed by Defendant for more than twelve (12) months.

11.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

## **FACTUAL ALLEGATIONS**

12.

Defendant hired Plaintiff on or about May 22, 2017, as a Safety Manager and Emergency Procurement Officer. Plaintiff was employed full-time.

13.

Plaintiff suffers from a serious medical condition and was under the care of a physician and being treated for high blood pressure and a diagnosed heart condition.

14.

At the request of his physician, Plaintiff submitted a request for FMLA leave through Defendant's normal channels on or about July 31, 2019.

15.

The requested FMLA leave was intended to address Plaintiff's own medical conditions.

16.

The same day, Plaintiff reported to work and worked the entire shift that he was assigned.

17.

The following day, on August 1, 2019, Plaintiff was terminated from his position. The reason given was job abandonment.

18.

Plaintiff had no history of discipline related to his job performance.

19.

Defendant was aware of Plaintiff's health condition.

20.

Although Defendant purports to provide a legitimate non-discriminatory reason for the suspending and, later, terminating Plaintiff's employment, its reason is false.

## CLAIMS FOR RELIEF

## COUNT I:  FMLA INTERFERENCE

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant is an 'employer' as defined by the FMLA.

23.

Plaintiff was an eligible employee under the FMLA.

24.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

25.

Plaintiff was employed by Defendant for more than 12 months.

26.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

27.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

28.

Plaintiff had a medical condition that required time off from work.

29.

Plaintiff had a serious medical condition as defined by the FMLA.

30.

Defendant received notice of Plaintiff's need for protected medical leave for his serious medical condition on July 31, 2019.

31.

Defendant terminated Plaintiff's employment in retaliation for his exercising his rights and to avoid having to accommodate Plaintiff's rights to return to his position.

32.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

33.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

34.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## **COUNT II: FMLA RETALIATION**

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Defendant is an 'employer' as defined by the FMLA.

37.

Plaintiff was an eligible employee under the FMLA.

38.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

39.

Plaintiff was employed by Defendant for more than 12 months.

40.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

41.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

42.

Plaintiff had a medical condition that required he take time off from work.

43.

Plaintiff had a serious medical condition as defined by the FMLA

44.

Defendant received notice of Plaintiff's need for protected medical leave for Plaintiff's serious medical condition.

45.

Defendant terminated Plaintiff's employment one day after his request for leave.

46.

Defendant's termination of Plaintiff's employment was causally related to his attempt to exercise his rights to protected medical leave pursuant to the FMLA.

47.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for his attempt to exercise his rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

48.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**WHEREFORE**, Plaintiff judgment as follows:

(a) A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Wellstar Health System, Inc. from further unlawful conduct of the type described herein;

(c) General damages for mental and emotional suffering caused by Defendant's misconduct;

(d) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f) Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

(g) Trial by jury as to all issues;

(h) Prejudgment interest at the rate allowed by law; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 13th day of September, 2019.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Stan Harris*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com